HUGHES & NUNN LLP
   William D. Hughes (SB #60370)
   E. Kenneth Purviance (SB #126206)
401 "B" Street, Suite 1250
San Diego, CA  92101
(619) 231-1661

Attorneys for Plaintiff

FILED

07 JAN 25 PM 2:0⬤

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PDV

BY:⬤          DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
ex rel. [FILED IN CAMERA AND UNDER
SEAL],

          Plaintiffs,

     v.

[FILED IN CAMERA AND UNDER SEAL],

          Defendant.

'07 CV 0160 BTM    CAB

Case No.

COMPLAINT FILED **IN CAMERA**

**SEALED** PURSUANT TO 31 U.S.C.
§ 3730(b)(2)

JURY TRIAL DEMANDED

COMPLAINT FILED UNDER SEAL

Respectfully submitted,

Dated: JANUARY 25, 2007

HUGHES & NUNN LLP

By: _William D. Hughes_____
     William D. Hughes
     Attorneys for Plaintiffs

1

1 | HUGHES & NUNN LLP
   William D. Hughes (SB #60370)
2 |    E. Kenneth Purviance (SB #126206)
401 "B" Street, Suite 1250
3 | San Diego, CA  92101
(619) 231-1661
4

5 | Attorneys for Plaintiff

6

7

FILED

07 JAN 25 PM 2:00

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY                           DEPUTY

8 |          **UNITED STATES DISTRICT COURT**

9 |       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11 | UNITED STATES OF AMERICA,
ex rel. VANESSA NAVARRO,
12

13 |         Plaintiff,

14 |        v.

15 | ADAMS MARKETING ASSOCIATES,
AMERICAN OFFICE PRODUCT
16 | DISTRIBUTORS, AMERICAN PRODUCT
DISTRIBUTORS, INC.,   ARGON OFFICE
17 | SUPPLIES, B&D SUPPLIES, INC., BILOXI
PAPER COMPANY, INC., CHESAPEAKE
18 | OFFICE SUPPLY, INC., COMPLETE
PACKAGING & SHIPPING SUPPLIES, INC.,
19 | CONTRACT OFFICE RESOURCES, LLC,
CORPORATE EXPRESS OFFICE PRODUCTS,
20 | INC., DESIGN TEC OFFICE PRODUCTS,
INC., DESJON GROUP, LLC, DIVINE
21 | IMAGING COMMODITIES, ELLISON
SYSTEMS, INC., DBA SHOPLET.COM,
22 | EXPRESS TONERS, INC., FEDERAL OFFICE
SUPPLY, INC., FRANK PARSONS PAPER
23 | COMPANY, INC., GEORGE W. ALLEN
COMPANY INC., GOULD PAPER
24 | CORPORATION, ICC BUSINESS
PRODUCTS, KIPPER TOOL COMPANY, KM2
25 | INCORPORATED, LAKOTA ENTERPRISES,
INC., THE LUCILLE MAUD CORPORATION,
26 | MBA OFFICE SUPPLY, INC.,
MERCHANDISE DISTRIBUTORS K.W., INC.,
27 | METRO OFFICE PRODUCTS, INC., METRO
OFFICE SUPPLY, INC., MILLENNIUM
28 | SOLUTIONS, INC., NATIONAL COMPUTER
SUPPLY, INC., NORTHEAST OFFICE
SUPPLY COMPANY LLC, OFFICE DEPOT,

'07 CV 0160 BTM          CAB

Case No.

COMPLAINT FILED **IN CAMERA**

**SEALED** PURSUANT TO 31 U.S.C.
§ 3730(b)(2)

**JURY TRIAL DEMANDED**

1

OFFICE LOTS, INC., OFFICE SMART, LLC, PALM BUSINESS SUPPLY, PREMIER & COMPANIES, INC., RECYCLED OFFICE PRODUCTS, INC., S&B COMPUTER & OFFICE PRODUCTS, INC., SITA BUSINESS SYSTEMS, INC., STAPLES NATIONAL ADVANTAGE, SUN SUPPLY, INC., TITAN OFFICE PRODUCTS, INC., TOTAL BUSINESS, INC., VILLAGE OFFICE SUPPLY, INC., WECSYS LLC, WEEKS LERMAN GROUP, LLC,

Defendants.

## COMPLAINT

Plaintiff Vanessa Navarro ("Relator") hereby files this Complaint against Defendants.

### INTRODUCTION

1.      This is a *qui tam* action by Relator, for herself and on behalf of the United States, to recover damages and civil penalties arising from Defendant's actions in violating the False Claims Act,  31 U.S.C. §§ 3729-33.

2.      As set forth below, Defendants knowingly presented or caused to be presented numerous false or fraudulent claims for payment or approval to the United States; and, knowingly made, used, or caused to be made or used false records or statements to get false or fraudulent claims paid or approved.

### JURISDICTION AND VENUE

3.      This action arises under the Federal False Claims Act, 31 U.S.C. §§ 3729-33.

4.      Subject matter jurisdiction is conferred in this Court by 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331 because this civil action arises under the laws of the United States.

5.      Venue is proper in this district under 31 U.S.C. § 3732(a).  Defendants, or some of them, can be found, reside, or transact or have transacted business within the district.

### THE PARTIES

6.      Relator is a resident of the state of Colorado.

7.      Defendant Adams Marketing Associates is a Virginia corporation headquartered in Virginia and does business with the General Services Administration of the Federal Government

2

and/or the Department of Defense of the United States through their respective procurement internet web portals.

8.      Defendant American Office Product Distributors is an Illinois corporation headquartered in Illinois and does business with the General Services Administration of the Federal Government and/or the Department of Defense of the United States through their respective procurement internet web portals.

9.      Defendant American Product Distributors, Inc. is a North Carolina corporation headquartered in North Carolina and does business with the General Services Administration of the Federal Government and/or the Department of Defense of the United States through their respective procurement internet web portals.

10.     Defendant Argon Office Supplies is a California corporation headquartered in California and does business with the General Services Administration of the Federal Government and/or the Department of Defense of the United States through their respective procurement internet web portals.

11.     Defendant B&D Supplies, Inc. is a Michigan corporation headquartered in Michigan and does business with the General Services Administration of the Federal Government and/or the Department of Defense of the United States through their respective procurement internet web portals.

12.     Defendant Biloxi Paper Company, Inc. is a Mississippi corporation headquartered in Mississippi and does business with the General Services Administration of the Federal Government and/or the Department of Defense of the United States through their respective procurement internet web portals.

13.     Defendant Chesapeake Office Supply, Inc. is a Maryland corporation headquartered in Maryland and does business with the General Services Administration of the Federal Government and/or the Department of Defense of the United States through their respective procurement internet web portals.

14.     Defendant Complete Packaging & Shipping Supplies, Inc. is a New York corporation headquartered in New York and does business with the General Services Administration of the

1  Federal Government and/or the Department of Defense of the United States through their respective

2  procurement internet web portals.

3      15.    Defendant Contract Office Resources, LLC is a Georgia limited liability company

4  headquartered in Georgia and does business with the General Services Administration of the Federal

5  Government and/or the Department of Defense of the United States through their respective

6  procurement internet web portals.

7      16.    Defendant Corporate Express Office Products, Inc. is a Delaware corporation

8  headquartered in Colorado and does business with the General Services Administration of the

9  Federal Government and/or the Department of Defense of the United States through their respective

10  procurement internet web portals.

11      17.    Defendant Design Tec Office Products, Inc. is a Colorado corporation headquartered

12  in Colorado and does business with the General Services Administration of the Federal Government

13  and/or the Department of Defense of the United States through their respective procurement internet

14  web portals.

15      18.    Defendant Desjon Group, LLC is a California limited liability company

16  headquartered in California and does business with the General Services Administration of the

17  Federal Government and/or the Department of Defense of the United States through their respective

18  procurement internet web portals.

19      19.    Defendant Divine Imaging Commodities is a dba of owner Kimberly Devane located

20  in Beverly Hills, California and does business with the General Services Administration of the

21  Federal Government and/or the Department of Defense of the United States through their respective

22  procurement internet web portals.

23      20.    Defendant Ellison Systems, Inc., dba Shoplet.com, is a New York corporation

24  headquartered in New York and does business with the General Services Administration of the

25  Federal Government and/or the Department of Defense of the United States through their respective

26  procurement internet web portals.

27      21.    Defendant Express Toners, Inc. is a Delaware corporation headquartered in California

28  and does business with the General Services Administration of the Federal Government and/or the

4

1    Department of Defense of the United States through their respective procurement internet web

2    portals.

3         22.    Defendant Federal Office Supply, Inc. is a Missouri corporation headquartered in

4    Missouri and does business with the General Services Administration of the Federal Government

5    and/or the Department of Defense of the United States through their respective procurement internet

6    web portals.

7         23.    Defendant Frank Parsons Paper Company, Inc. is a Delaware corporation

8    headquartered in Maryland and does business with the General Services Administration of the

9    Federal Government and/or the Department of Defense of the United States through their respective

10   procurement internet web portals.

11        24.    Defendant George W. Allen Company Inc. is a District of Columbia corporation

12   headquartered in the District of Columbia and does business with the General Services

13   Administration of the Federal Government and/or the Department of Defense of the United States

14   through their respective procurement internet web portals.

15        25.    Defendant Gould Paper Corporation is a New York corporation headquartered in

16   New York and does business with the General Services Administration of the Federal Government

17   and/or the Department of Defense of the United States through their respective procurement internet

18   web portals.

19        26.    Defendant ICC Business Products is an Indiana corporation headquartered in Indiana

20   and does business with the General Services Administration of the Federal Government and/or the

21   Department of Defense of the United States through their respective procurement internet web

22   portals.

23        27.    Defendant Impac Computer Supplies is a New Jersey corporation headquartered in

24   New Jersey and does business with the General Services Administration of the Federal Government

25   and/or the Department of Defense of the United States through their respective procurement internet

26   web portals.

27        28.    Defendant Kipper Tool Company is a Georgia corporation headquartered in Georgia

28   and does business with the General Services Administration of the Federal Government and/or the

489.005/Complaint.doc

1  Department of Defense of the United States through their respective procurement internet web

2  portals.

3      29.    Defendant KM2 Incorporated is a Maryland corporation headquartered in Maryland

4  and does business with the General Services Administration of the Federal Government and/or the

5  Department of Defense of the United States through their respective procurement internet web

6  portals.

7      30.    Defendant Lakota Enterprises, Inc. is a South Dakota corporation headquartered in

8  South Dakota and does business with the General Services Administration of the Federal

9  Government and/or the Department of Defense of the United States through their respective

10  procurement internet web portals.

11      31.    Defendant The Lucille Maud Corporation is a New Jersey corporation headquartered

12  in New York and does business with the General Services Administration of the Federal

13  Government and/or the Department of Defense of the United States through their respective

14  procurement internet web portals.

15      32.    Defendant MBA Office Supply, Inc. is a California corporation headquartered in

16  California and does business with the General Services Administration of the Federal Government

17  and/or the Department of Defense of the United States through their respective procurement internet

18  web portals.

19      33.    Defendant Merchandise Distributors K.W., Inc. is an Illinois corporation

20  headquartered in Illinois and does business with the General Services Administration of the Federal

21  Government and/or the Department of Defense of the United States through their respective

22  procurement internet web portals.

23      34.    Defendant Metro Office Products, Inc. which also does business as Metro Office

24  Products - Army BPA, is a Maryland corporation headquartered in Maryland and does business with

25  the General Services Administration of the Federal Government and/or the Department of Defense

26  of the United States through their respective procurement internet web portals.

27      35.    Defendant Metro Office Supply, Inc. is a Maryland corporation headquartered in

28  Maryland and does business with the General Services Administration of the Federal Government

1 and/or the Department of Defense of the United States through their respective procurement internet
2 web portals.

3      36.    Defendant Millennium Solutions, Inc. is a Georgia corporation headquartered in
4 Georgia and does business with the General Services Administration of the Federal Government
5 and/or the Department of Defense of the United States through their respective procurement internet
6 web portals.

7      37.    Defendant National Computer Supply, Inc. is a Michigan corporation headquartered
8 in Michigan and does business with the General Services Administration of the Federal Government
9 and/or the Department of Defense of the United States through their respective procurement internet
10 web portals.

11      38.    Defendant Northeast Office Supply Co. LLC is a New York limited liability company
12 headquartered in New York and does business with the General Services Administration of the
13 Federal Government and/or the Department of Defense of the United States through their respective
14 procurement internet web portals.

15      39.    Defendant Office Depot is a Delaware corporation headquartered in Delaware and
16 does business with the General Services Administration of the Federal Government and/or the
17 Department of Defense of the United States through their respective procurement internet web
18 portals.

19      40.    Defendant Office Lots, Inc. is a Colorado corporation headquartered in Colorado and
20 does business with the General Services Administration of the Federal Government and/or the
21 Department of Defense of the United States through their respective procurement internet web
22 portals.

23      41.    Defendant Office Smart, LLC is a Louisiana limited liability company headquartered
24 in Louisiana and does business with the General Services Administration of the Federal Government
25 and/or the Department of Defense of the United States through their respective procurement internet
26 web portals.

27      42.    Defendant Palm Business Supply is a California corporation headquartered in San
28 Diego, California and does business with the General Services Administration of the Federal

489.005/Complaint.doc

Government and/or the Department of Defense of the United States through their respective procurement internet web portals.

43.    Defendant Premier & Companies, Inc. is a New York corporation headquartered in New York and does business with the General Services Administration of the Federal Government and/or the Department of Defense of the United States through their respective procurement internet web portals.

44.    Defendant Recycled Office Products, Inc. is a Massachusetts corporation headquartered in Massachusetts and does business with the General Services Administration of the Federal Government and/or the Department of Defense of the United States through their respective procurement internet web portals.

45.    Defendant S&B Computer & Office Products, Inc. is a New York corporation headquartered in New York and does business with the General Services Administration of the Federal Government and/or the Department of Defense of the United States through their respective procurement internet web portals.

46.    Defendant SITA Business Systems, Inc. is a Virginia corporation headquartered in Virginia and does business with the General Services Administration of the Federal Government and/or the Department of Defense of the United States through their respective procurement internet web portals.

47.    Defendant Staples National Advantage is a Delaware corporation headquartered in Arizona and does business with the General Services Administration of the Federal Government and/or the Department of Defense of the United States through their respective procurement internet web portals.

48.    Defendant Sun Supply, Inc. is a Virginia corporation headquartered in Virginia and does business with the General Services Administration of the Federal Government and/or the Department of Defense of the United States through their respective procurement internet web portals.

49.    Defendant Titan Office Products, Inc. is a Missouri corporation headquartered in Missouri and does business with the General Services Administration of the Federal Government

489.005/Complaint.doc

1  and/or the Department of Defense of the United States through their respective procurement internet
2  web portals.

3      50.    Defendant Total Business, Inc. is a Florida corporation headquartered in Florida and
4  does business with the General Services Administration of the Federal Government and/or the
5  Department of Defense of the United States through their respective procurement internet web
6  portals.

7      51.    Defendant Village Office Supply, Inc. is a New York corporation headquartered in
8  New York and does business with the General Services Administration of the Federal Government
9  and/or the Department of Defense of the United States through their respective procurement internet
10  web portals.

11      52.    Defendant WECSYS, LLC is a Minnesota limited liability company headquartered in
12  Minnesota and does business with the General Services Administration of the Federal Government
13  and/or the Department of Defense of the United States through their respective procurement internet
14  web portals.

15      53.    Defendant Weeks Lerman Group, LLC is a New York limited liability company
16  headquartered in New York and does business with the General Services Administration of the
17  Federal Government and/or the Department of Defense of the United States through their respective
18  procurement internet web portals.

19  **BACKGROUND**

20      54.    The General Services Administration (GSA) is an agency of the Federal Government.
21  DOD Emall is a Department of Defense federal procurement program that DOD and Department of
22  Homeland Security utilize.

23      55.    GSA has a procurement portal a website entitled *GSA Advantage!* and located at
24  www.gsaadvantage.gov.  DOD Emall is a website entitled, www.emall.dla.mil.  These websites
25  permit Federal Government employees in Federal Government agencies throughout the United
26  States to purchase goods including office products and furniture through the websites for use by the
27  Federal Government.

28

9

56.     The defendants have each entered into contracts with GSA and DOD Emall in order to sell products through the websites. The defendants are selling office products and furniture to various agencies of the Federal Government.  Employees at various Federal Government agencies throughout the United States are currently using these websites to order office products and furniture directly from the defendants.

57.     The Buy American Act, Title 41 USC Section 10 a - d and the Trade Agreements Act, 19 USC Section 2501 et seq provide that each end product such as furniture; office machines, visible record equipment and ADP; and office supplies and devices being supplied to the Federal Government, except those that have been specifically identified, must be a product that was made in the United States or made in a country that has been specifically designated as an approved country from which end products such as office supplies can be purchased for use by the Federal Government.

58.     The countries of China, Taiwan, Thailand and those additional countries listed in Exhibit A attached hereto and incorporated herein by this reference are countries of origin of products sold by the various defendants to the United States that not approved countries in accordance with the Buy American Act or the Trade Agreements Act.

59.     The Buy American Act and the Trade Agreements Act apply to the products sold via the GSA and DOD Emall websites, www.gsaadvantaqe.gov and www.emall.dla.mil.

60.     When the defendants contracted with the Federal Government to sell their products via the GSA and DOD Emall websites, they were required to state that the goods which they sold were in compliance with the Buy American Act and the Trade Agreements Act.

61.     The defendants each entered into contracts with the General Services Administration to sell their goods via the GSA and DOD Emall websites and swore/affirmed that the goods they were selling on the GSA and DOD Emall websites were in compliance with the Buy American Act and the Trade Agreements Act.

## ALLEGATIONS

62.     As of October 1, 2005 and for sometime prior thereto, the defendants have been selling to various agencies of the Federal Government through the GSA and DOD Emall websites,

10

furniture; office machines, visible record equipment and ADP; and office supplies and devices which are end products from one or more countries listed in Exhibit A (hereinafter sometimes referred to as "proscribed furniture and/or office products") in contravention of the Buy American Act and the Trade Agreements Act.

63.     Each sale by each defendant of proscribed furniture and/or office products to employees of Federal Government agencies throughout the United States for use in Federal Government offices on the GSA and DOD Emall websites is a false claim in violation of the Federal False Claims Act.

64.     On or before October 1, 2005 and at all relevant times thereafter, there were numerous and varied proscribed furniture and/or office products offered for sale by the defendants on the GSA and DOD Emall websites.

65.     For the twelve month period ending September 30, 2006, the defendant Adams Marketing Associates, as a result of 130 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $84,732.21.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

66.     For the twelve month period ending September 30, 2006, the defendant American Office Product Distributors, as a result of 1,112 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $104,013.14.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

67.     For the twelve month period ending September 30, 2006, the defendant American Product Distributors, Inc., as a result of 383 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $88,389.06.  On information and belief, this defendant committed similar violations

of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

68.    For the twelve month period ending September 30, 2006, the defendant Argon Office Supplies, as a result of 1,025 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $173,854.60. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

69.    For the twelve month period ending September 30, 2006, the defendant B&D Supplies, Inc., as a result of 1,160 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $199,895.49. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

70.    For the twelve month period ending September 30, 2006, the defendant Biloxi Paper Company, Inc., as a result of 1365 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $90,740.02. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

71.    For the twelve month period ending September 30, 2006, the defendant Chesapeake Office Supply, Inc., as a result of 389 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $56,797.37. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

72.    For the twelve month period ending September 30, 2006, the defendant Complete Packaging & Shipping Supplies, Inc., as a result of 581 separate online transactions, sold various

proscribed furniture and/or office products to the United States through the GSA and/or DOD Email

Websites in the amount of $116,286.02. On information and belief, this defendant committed

similar violations of the Federal False Claims Act during the preceding six years in an amount

according to proof and continues to do so.

73.    For the twelve month period ending September 30, 2006, the defendant Contract

Office Recourses, LLC, as a result of 367 separate online transactions, sold various proscribed

furniture and/or office products to the United States through the GSA and/or DOD Email Websites

in the amount of $65,774.16. On information and belief, this defendant committed similar violations

of the Federal False Claims Act during the preceding six years in an amount according to proof and

continues to do so.

74.    For the period commencing on February 9, 2006 and ending September 30, 2006, the

defendant Corporate Express Office Products, Inc., as a result of 700 separate online transactions,

sold various proscribed furniture and/or office products to the United States through the GSA and/or

DOD Email Websites in the amount of $81,805.19 and, on information and belief, continues to do

so. On information and belief, this defendant entered into a settlement agreement with the United

States in the Safina Products action (USDC, District of Columbia Case 1:03-cv-00003-RMC) as of

February 8, 2006, which released it from claims of "covered conduct" through February 8, 2006.

Thus, no claim is made against this defendant for similar violations of the Federal False Claims Act

during the six years preceding February 8, 2006.

75.    For the twelve month period ending September 30, 2006, the defendant Design-Tec

Office Products, Inc., as a result of 208 separate online transactions, sold various proscribed

furniture and/or office products to the United States through the GSA and/or DOD Email Websites

in the amount of $27,336.38. On information and belief, this defendant committed similar violations

of the Federal False Claims Act during the preceding six years in an amount according to proof and

continues to do so.

76.    For the twelve month period ending September 30, 2006, the defendant Desjon Group

LLC, as a result of 181 separate online transactions, sold various proscribed furniture and/or office

products to the United States through the GSA and/or DOD Email Websites in the amount of

$27,165.26.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

77.    For the twelve month period ending September 30, 2006, the defendant Divine Imaging Commodities, as a result of 930 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $178,051.31.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

78.    For the twelve month period ending September 30, 2006, the defendant Ellison Systems Inc., dba Shoplet.com, as a result of 14,559 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $1,520,633.95.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

79.    For the twelve month period ending September 30, 2006, the defendant Express Toners, Inc., as a result of 152 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $30,374.32.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

80.    For the twelve month period ending September 30, 2006, the defendant Federal Office Supply, Inc., as a result of 493 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $67,382.80.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

14

81.    For the twelve month period ending September 30, 2006, the defendant Frank Parsons Paper Company, as a result of 207 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $47,340.79.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

82.    For the twelve month period ending September 30, 2006, the defendant George W. Allen Company Inc., as a result of 3,552 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $239,353.15.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

83.    For the twelve month period ending September 30, 2006, the defendant Gould Paper Corporation, as a result of 312 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $42,392.90.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

84.    For the twelve month period ending September 30, 2006, the defendant ICC Business Products, as a result of 393 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $38,730.94.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

85.    For the twelve month period ending September 30, 2006, the defendant Impac Computer Supplies, as a result of 1,806 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $353,813.63.  On information and belief, this defendant committed similar

violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

86.    For the twelve month period ending September 30, 2006, the defendant Kipper Tool Company, as a result of 1674 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $88,795.94. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

87.    For the twelve month period ending September 30, 2006, the defendant KM2 Incorporated, as a result of 1,255 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $150,874.87. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

88.    For the twelve month period ending September 30, 2006, the defendant Lakota Enterprises, Inc., as a result of 138 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $30,326.45. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

89.    For the twelve month period ending September 30, 2006, the defendant The Lucille Maud Corporation, as a result of 674 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $45,123.99. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

90.    For the twelve month period ending September 30, 2006, the defendant MBA Office Supply Inc., as a result of 737 separate online transactions, sold various proscribed furniture and/or

16

489.005/Complaint.doc

office products to the United States through the GSA and/or DOD Email Websites in the amount of $31,294.59. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

91.    For the twelve month period ending September 30, 2006, the defendant Merchandise Distributors, as a result of 428 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $56,728.76. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

92.    For the twelve month period ending September 30, 2006, the defendant Metro Office Products, Inc., which also does business as Metro Office Products – Army BPA, as a result of 9,651 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $732,167.97. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

93.    For the twelve month period ending September 30, 2006, the defendant Millennium Solutions, Inc., as a result of 152 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $25,955.95. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

94.    For the twelve month period ending September 30, 2006, the defendant National Computer Supply, Inc., as a result of 213 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $57,099.86. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

489.005/Complaint.doc

95.     For the twelve month period ending September 30, 2006, the defendant Northeast Office Supply Co. LLC, as a result of 373 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $28,051.08.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

96.     For the twelve month period ending September 30, 2006, the defendant Office Depot, as a result of 614 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $150,236.71.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

97.     For the twelve month period ending September 30, 2006, the defendant Office Lots, Inc., as a result of 716 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $115,121.00.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

98.     For the twelve month period ending September 30, 2006, the defendant Office Smart LLC, as a result of 1,675 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $165,939.01.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

99.     For the twelve month period ending September 30, 2006, the defendant Palm Business Supply, as a result of 1,640 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Email Websites in the amount of $295,844.65.  On information and belief, this defendant committed similar violations of

the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

100.    For the twelve month period ending September 30, 2006, the defendant Premier & Companies, Inc., as a result of 1,377 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $366,754.33. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

101.    For the twelve month period ending September 30, 2006, the defendant Recycled Office Products, Inc., as a result of 565 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $106,250.93. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

102.    For the twelve month period ending September 30, 2006, the defendant S&B Computer & Office Products, Inc., as a result of 1,232 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $141,215.73. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

103.    For the twelve month period ending September 30, 2006, the defendant SITA Business Systems, Inc., as a result of 357 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $78,510.21. On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

104.    For the twelve month period ending September 30, 2006, the defendant Staples National Advantage, as a result of 314 separate online transactions, sold various proscribed furniture

489.005/Complaint.doc

1  and/or office products to the United States through the GSA and/or DOD Email Websites in the

2  amount of $40,083.15. On information and belief, this defendant committed similar violations of the

3  Federal False Claims Act during the preceding six years in an amount according to proof and

4  continues to do so.

5      105.   For the twelve month period ending September 30, 2006, the defendant Sun Supply,

6  Inc., as a result of 535 separate online transactions, sold various proscribed furniture and/or office

7  products to the United States through the GSA and/or DOD Email Websites in the amount of

8  $62,636.38. On information and belief, this defendant committed similar violations of the Federal

9  False Claims Act during the preceding six years in an amount according to proof and continues to do

10  so.

11      106.   For the twelve month period ending September 30, 2006, the defendant Titan Office

12  Products, Inc., as a result of 437 separate online transactions, sold various proscribed furniture

13  and/or office products to the United States through the GSA and/or DOD Email Websites in the

14  amount of $61,930.37. On information and belief, this defendant committed similar violations of the

15  Federal False Claims Act during the preceding six years in an amount according to proof and

16  continues to do so.

17      107.   For the twelve month period ending September 30, 2006, the defendant Total

18  Business, Inc., as a result of 282 separate online transactions, sold various proscribed furniture

19  and/or office products to the United States through the GSA and/or DOD Email Websites in the

20  amount of $44,180.94. On information and belief, this defendant committed similar violations of the

21  Federal False Claims Act during the preceding six years in an amount according to proof and

22  continues to do so.

23      108.   For the twelve month period ending September 30, 2006, the defendant Village

24  Office Supply, Inc., as a result of 1,193 separate online transactions, sold various proscribed

25  furniture and/or office products to the United States through the GSA and/or DOD Email Websites

26  in the amount of $49,126.84. On information and belief, this defendant committed similar violations

27  of the Federal False Claims Act during the preceding six years in an amount according to proof and

28  continues to do so.

109.    For the twelve month period ending September 30, 2006, the defendant WECSYS LLC, as a result of 3,953 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $347,073.19.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

110.    For the twelve month period ending September 30, 2006, the defendant Weeks Lerman Group LLC, as a result of 476 separate online transactions, sold various proscribed furniture and/or office products to the United States through the GSA and/or DOD Emall Websites in the amount of $26,369.18.  On information and belief, this defendant committed similar violations of the Federal False Claims Act during the preceding six years in an amount according to proof and continues to do so.

111.    Each defendant knowingly offered the foregoing proscribed furniture and/or office products for sale to the Federal Government through the GSA and/or DOD Emall Websites which they knew were end products from countries listed in Exhibit A in contravention of the Buy American Act and the Trade Agreements Act.

112.    Each defendant knowingly sold the foregoing proscribed furniture and/or office products to the Federal Government through the GSA and/or DOD Emall Websites which they knew were end products from countries listed in Exhibit A in contravention of the Buy American Act and the Trade Agreements Act.

113.    Each defendant knowingly submitted or caused to be submitted false and fraudulent contracts or false statements in support of contracts to the Federal Government in order to be permitted by GSA and/or DOD Emall to sell its office products which are end products from countries listed in Exhibit A on the GSA and/or DOD Emall Websites.

114.    Each defendant knowingly submitted or caused to be submitted false claims for payment or false statements in support of false claims for payment to the Federal Government as a result of selling its proscribed furniture and/or office products which are end products from countries listed in Exhibit A on the GSA and/or DOD Emall Websites.

## COUNT ONE

### (False Claims Act 31 U.S.C. §§ 3729(a)(1) and (a)(2))

115.    The allegations of the preceding paragraphs are incorporated by reference.

116.    This is a claim for treble damages and forfeitures under the False Claims Act, 31 U.S.C. §§ 3729-32.

117.    By virtue of the acts described above, the defendants knowingly submitted, caused to be submitted and continue to submit and to cause to be submitted false or fraudulent claims for payment and reimbursement by the United States Government through the vehicle of the GSA and DOD Email websites for proscribed furniture and/or office products in violation of 31 U.S.C. § 3729(a)(1).

118.    By virtue of the acts described above, the defendants knowingly made, used or caused to be made or used, and continue to make or use or cause to be made or used, false statements to obtain Federal Government payment for false or fraudulent claims in violation of 31 U.S.C. § 3729(a)(2).

119.    As a result of Defendant's violations of 31 U.S.C. § 3729, the United States has suffered and continues to suffer damages in an amount to be determined at trial.

## PRAYER

WHEREFORE, plaintiff prays for judgment against defendants as follows:

(a)    That the Court enter judgment against defendants in an amount equal to three times the amount of damages the U.S. Government has sustained as result of defendant's actions, plus a civil penalty of not less than $5,500.00 and not more than $11,000.00 for each violation of 31 U.S.C. § 3729;

(b)    That Relator be awarded the maximum amount allowed pursuant to the Federal False Claims Act, 31 U.S.C. § 3730(d);

(e)    That Relator be awarded all costs and expenses of this action, including reasonable attorneys' fees; and,

/ / / /

/ / / /

22

489.005/Complaint.doc

1  (f)      That the Court order such other relief as is appropriate.

2           Trial by jury is hereby demanded.

3                                              Respectfully submitted,

4  Dated: January 25, 2007

                                               HUGHES & NUNN LLP

5

6                                              By:

7                                                  William D. Hughes
                                                   E. Kenneth Purviance
8
                                                   Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

489.005/Complaint.doc

1      **EXHIBIT A**

2    **COUNTRIES NOT APPROVED IN ACCORDANCE WITH THE TRADE AGREEMENTS**

3                      **ACT OR THE BUY AMERICAN ACT**

4                            BELARUS

5                            BRAZIL

6                            BULGARIA

7                            BURMA (MYANMAR)

8                            CHINA(MAINLAND)

9                            CHINA(TAIWAN)

10                           COLOMBIA

11                           GEORGIA

12                           INDIA

13                           INDONESIA

14                           IVORY COAST

15                           MALAYSIA

16                           MONGOLIA

17                           NAMIBIA

18                           NORTH KOREA

19                           PERU

20                           PHILIPPINES

21                           ROMANIA

22                           SRI LANKA

23                           THAILAND

24                           TUNISIA

25                           VIETNAM

26

27

28

489.005/Complaint.doc

HUGHES & NUNN LLP
    William D. Hughes (SB #60370)
    E. Kenneth Purviance (SB #126206)
401 "B" Street, Suite 1250
San Diego, CA  92101
(619) 231-1661

Attorneys for Plaintiff

FILED

07 JAN 25  PM 2: 08

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

PDC

BY⁻                           DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,
ex rel. [FILED IN CAMERA AND UNDER
SEAL],

                Plaintiffs,

        v.

[FILED IN CAMERA AND UNDER SEAL],

                Defendant.

'07 CV 0160 BTM          CAB

Case No.

CIVIL COVER SHEET FILED **IN CAMERA**

**SEALED** PURSUANT TO 31 U.S.C.
§ 3730(b)(2)

JURY TRIAL DEMANDED

CIVIL COVER SHEET FILED UNDER SEAL

Respectfully submitted,

Dated:  JANUARY 25, 2007

HUGHES & NUNN LLP

By:

_____
        William D. Hughes
        Attorneys for Plaintiffs

1

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED**

07 JAN 25 PM 2:00

CLERK, US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA, ex rel.
VANESSA NAVARRO

**DEFENDANTS**

ADAMS MARKETING ASSOCIATES, et al.

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) (619) 231-1661
WILLIAM D. HUGHES. HUGHES & NUNN LLP,
401 "B" St., Ste. 1250, San Diego, CA 92101

Attorneys (If Known)

**07 CV 0160 BTM    CAB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☒ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): 31 U.S.C. Sections 3729-33

Brief description of cause: Violations of the Federal False Claims Act

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE January 25, 2007

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # 134254 AMOUNT $350 APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

SCA 1/25/07

UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 1-5-4254 - D3
January 25, 2007

| Qty | Case # | Qty | Amount |
|-----|--------|-----|--------|

750400 3-07-CV-0160
Qty - PSGFEES
54400                          100.00 G
CVSI0000                        40.00 G

Total                          340.00